UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IVAN CALDERON,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MARIBEL MERCADO AND DETECTIVE DANIEL
LAPERUTA,

                        Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*AMENDED VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.    13CV4656 (RA)

Plaintiff, by his attorney, Jason L. Lopez, as and for their complaint hereby alleges as follows:

## Parties

1. Plaintiff Ivan Calderon presently resides and is domiciled in the State of New York.

2. Upon information and belief defendant the City of New York (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3. Upon information and belief, defendant New York City Police Officer Maribel Mercado (hereinafter "Police Officer Mercado" resides and is domiciled in the State of New York.

4. Upon information and belief, DETECTIVE DANIEL LAPERUTA (hereinafter "Detective Laperuta") reside and are domiciled in the State of New York.

## Jurisdiction -Venue

5. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4) and supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. §1367.

6. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

## General Allegations of Fact

7. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8. At all times relevant hereto, Police Officer Maribel Mercado was employed by the New York City Police Department as a police officer. As such, Police Officer Maribel Mercado possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

9. At all times relevant hereto, Detective Laperuta was employed by the New York City Police department as a detective. As such, Detective Laperuta possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

10. On September 10, 2012 plaintiff was lawfully inside of his apartment, 117 W. 90th Street, Apt. 13-B, New York, NY when he was taken into custody by the defendant police officers for an alleged involvement in a burglary/robbery.

11. Thereafter, plaintiff was transported to 24th Precinct and subsequently to the 28th precinct and finally to the Manhattan Detention Center.

12. Plaintiff was charged as a "fugitive from justice" C.P.L. §570.06 upon which he was unreasonably held for several days based upon false or incomplete information provided by the Defendants to the New York County District Attorneys office and/or the presiding criminal court judge who arraigned this matter. Plaintiff was in custody twice within weeks before the subject arrest and neither of those times was the subject warrant an issue.

13. Ultimately upon a motion from the prosecution, plaintiff's case was dismissed and he was released on September 18, 2012.

## FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

14. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 13.

15. At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of plaintiff.

16. That on September 10, 2012 the defendants without probable cause wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York. That on September 10, 2012 Defendant City of New York's customs, policies and practices in place at the relevant time allowed for the aforementioned actions and inactions.

## SECOND CAUSE OF ACTION
### STATE CLAIMS OF GENERAL NEGLIGENCE

17. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 16.

18. The defendant City was negligent in hiring, training, supervising and retaining defendants Police Officer Maribel Mercado and Detective Laperuta.

## GENERAL DAMAGE

19. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 18.

20. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

21. As a result of the actions of the defendants set forth herein, the plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($75,000).

22. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

23. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22.

24. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

25. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

27. In addition, plaintiff seeks to recover the legal fees associated with the defense of the underlying criminal action that gave rise to this action.

28. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants for adjustment and they have neglected and/or refused to make adjustments or payment thereof. That this action is not commenced more than one (1) year and ninety (90) days after the cause of action accrued; that prior to the commencement of this action, a General Municipal Law 50-h hearing was held of the plaintiff by the defendant on January 11, 2013.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
April 16, 2014

                                        LAW OFFICE OF JASON LOPEZ
                                        By: JASON L. LOPEZ

                                        *Attorneys for Plaintiff*
                                        325 Broadway, Suite 404
                                        New York, NY 10007
                                        (212) 964-4144

## VERIFICATION

I, Ivan Calderon am the Plaintiff in the annexed matter and have read the annexed Amended Complaint and believe the contents thereof to be true to the best of my knowledge other than those matters to be stated upon information and belief of which I believe the same to be true.

IVAN CALDERON

Sworn before me this 16th day of April 2014

Notary Public

Jason Lopez
02LO6087319
Qualified in New York County
Commission Expires 2/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IVAN CALDERON,

                    Plaintiff,            Index No.      13CV4656 (RA)

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MARIBEL MERCADO AND DETECTIVE DANIEL
LAPERUTA,

                    Defendants.
------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: April 16, 2014

Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                  Attorney(s) for